# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CRAFTSHACK, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASKORP LTD., dba FRIAR TUCK; and DOES 1-10, <br><br> Defendants. | Case No.: 22-cv-00550 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff CraftShack, Inc. ("Plaintiff" or "CraftShack"), through counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. CraftShack is a Delaware corporation with its primary place of business at 1202 N. Orange St., Suite 7186, Wilmington, DE 19801.

5. Upon information and belief, Plaintiff alleges that Defendant Maskorp Ltd. dba Friar Tuck ("FT"), is an Illinois corporation with its principal places of business located at 3071 Greenhead Drive, Suite D, Springfield, IL 62707; 1013 Willowbrook Drive, Springfield, IL

1

62707; and/or 3470 Lake Shore Drive, Chicago, IL 60657, and is the owner, operator, and/or controller of the commercial website friartuckonline.com ("FT's Website").

6. FT is a purveyor of beer, spirits, wine, mixers/soda, cigars, and brewing products, among other things. FT sells these products on its Website and in nine locations throughout Illinois and Missouri.

7. Upon information and belief, Plaintiff alleges that the FT Website markets and sells to customers in this judicial district such that jurisdiction and venue are proper in this judicial district.

8. Defendants DOES 1 through 10 ("DOE Defendants") (collectively with FT, "Defendants") are other parties who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, who therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Upon information and belief, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted the acts and conduct alleged, with full knowledge of each and every violation of Plaintiff's copyrights and the damages proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHS

10. CraftShack operates an online craft beer marketplace through which small and family-owned beer and liquor businesses ship that beer and liquor directly to customers. CraftShack's website displays hundreds of original photographs to promote the sale of those alcoholic beverages. Maintaining exclusivity of use of that portfolio of high-quality proprietary photographs is crucial to CraftShack's business.

11. CraftShack took and owns 27 original photographs registered with the United States Copyright Office (collectively, the "Subject Photographs"). True and accurate copies of the Subject Photographs, as well as their respective titles and U.S. Copyright Reg. Nos., are set forth in **Exhibit A**.

12. Following the publication and display of the Subject Photographs, Defendants, and each of them, copied, displayed, created derivative works of, reproduced, published, stored, distributed, transmitted, and/or otherwise used the Subject Photographs without license, authorization, or consent for commercial purposes, including on FT's Website ("Accused Posts"). True and correct screen captures of the Accused Posts are set forth in **Exhibit B**.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement - Against All Defendants, and Each)

13. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

14. Defendants, and each of them, had access to the Subject Photographs, including by/through viewing the Subject Photographs on the Plaintiff's website, a search engine or third-party website, and/or a source authorized to display the Subject Photographs.

15. Defendants, and each of them, copied, displayed, reproduced, published, stored, distributed, transmitted, and/or otherwise used the Subject Photographs for commercial purposes without license, authorization, or consent from Plaintiff.

16. Due to Defendants', and each of their, acts of copyright infringement, Plaintiff has been damaged in an amount to be established at trial.

17. Due to Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in and to the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement of Plaintiffs' copyrights in and to the Subject Photographs in an amount to be established at trial.

18. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement which were willful, intentional, malicious, and/or taken with reckless disregard to Plaintiff's copyrights in and to the Subject Photographs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, and their respective employees, agents, or anyone acting in concert with them, be enjoined from using the Subject Photographs without license, authorization, or consent from Plaintiff;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringements, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages under the 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees and costs under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law; and

e. Such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable. Fed. R. Civ. P. 38(b).

Dated: January 31, 2022

Respectfully submitted,

/s/ *Stephen M. Doniger*
Stephen M. Doniger (lead counsel, pro hac vice pending)
California Bar No. 179314
DONIGER / BURROUGHS
603 Rose Ave
Venice, CA 90291
(310) 590-1820
stephen@donigerlawfirm.com

Daliah Saper (local counsel)
ARDC No. 6283932
Brandon Beymer (local counsel)
ARDC No. 6332454
Saper Law Offices, LLC
505 N. LaSalle Dr., Ste 350
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com

*Attorneys for Plaintiff CraftShack, Inc.*